**James I. GOULDMAN, Plaintiff-Appellant,**

v.

**SOUTHERN STEVEDORING COMPANY OF TEXAS, INC., Defendant-Appellee.**

No. 73-3292

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 21, 1974.

Doris S. Des Champs, Houston, Tex., R. C. Edwins, Baton Rouge, La., for plaintiff-appellant.

Theodore Goller, Houston, Tex., for defendant-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Appellant, a seaman, brought this action against Southern Stevedoring Company (Southern) to recover damages for personal injuries sustained on board the SS Del Sol. He contended that his injuries resulted from the negligence of Southern's employees in loading bales of cotton on board the vessel. Specificially, Gouldman alleged that while properly attempting to repair portable cluster lights supplied by the ship for the use of longshoremen working in the vessel's holds at night, he was struck by cotton which Southern's crane operator sought to lower in the No. 3 starboard tank of the ship. The district court exonerated Southern of negligence in any respect and found in fact that Gouldman's injuries were caused solely and proximately by his own negligence. On appeal he raises three contentions, the thrust of which collectively challenge the sufficiency of the evidence to support the judgment. We affirm.

At trial, Gouldman had testified that he was struck by a load of cotton while engaged at a location on the ship where he should have been working—at the aft, port corner of the No. 3 starboard tank. His own witness, however, Mr. Sanderson, testified that while he did

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

not see the actual accident, he did observe that subsequent thereto the load of cotton was situated between the center and starboard tanks, a place where no one was supposed to be, and not at the location at which Gouldman claimed he was working. And Southern's crane operator, Mr. Hessler, testified that he was in the process of moving the cotton load from the center to the starboard tank when in attempting to avoid colliding with it, Gouldman stumbled and fell. There being nothing in the record to preclude the trial judge from believing the testimony of Sanderson and Hessler, his fact findings cannot be deemed clearly erroneous. Accordingly, the judgment of the district court is affirmed.